STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

FILED
April 10, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: J.M.-1, J.M.-2, P.S., N.M, Z.M., and A.M.

No. 16-0932 (Mingo County 16-JA-30, 16-JA-31, 16-JA-32, 16-JA-33, 16-JA-34, 16-JA-35, 16-JA-36, & 16-JA-39)

MEMORANDUM DECISION

Petitioner Mother S.F., by counsel Susan J. Van Zant, appeals the Circuit Court of Mingo County's September 21, 2016, order terminating her parental rights to J.M.-1, J.M.-2, P.S., N.M, Z.M., and A.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Diana Carter Wiedel, filed a response on behalf of the children supporting the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights to the children.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2016, the DHHR filed an abuse and neglect petition against the parents, in which it alleged severe drug use in the home. Specifically, according to a Child Protective Services ("CPS") investigation, the house contained packets of heroin residue, dirty needles, and other paraphernalia. Further, it was alleged that the home smelled of feces and urine from two dogs therein. According to petitioner, the home belonged to her father. Petitioner initially denied the drug paraphernalia belonged to her, but she later admitted it belonged to her and D.M., the father of several children at issue, after a CPS worker noticed track marks on her arm. CPS

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because two children share the same initials, we will refer to them as J.M.-1 and J.M.-2 throughout this memorandum decision. Finally, the circuit court proceeding concerned additional children who are not petitioner's biological children and, thus, are not at issue in this memorandum decision. However, we note that petitioner is not the biological mother of children J.M.-1 or J.M.-2, although she does allege status as their psychological parent.

implemented a safety plan whereby the children were placed in petitioner's mother's home. However, although petitioner was permitted to live in the home with her children, she never returned there after the safety plan's implementation. The petition alleged that petitioner's drug use led to abuse and neglect of the children.

The circuit court held a preliminary hearing in April of 2016. Prior to the hearing, the DHHR filed two amended petitions, one of which included an additional child. During the hearing, the circuit court found probable cause for the children's removal and ordered they remain in DHHR custody. The following month, the circuit court held an adjudicatory hearing, during which it found that petitioner neglected the children due to the conditions in the home.

In August of 2016, the circuit court held a dispositional hearing. Petitioner did not attend in person but was represented by counsel. According to a CPS worker, petitioner recently married the father and both were supposedly entering a substance abuse detoxification facility, although there was no direct evidence offered to confirm the same.[2] Testimony established that petitioner's compliance with services was minimal. According to petitioner's psychological evaluator, she responded defensively during her substance abuse assessment and did not understand how her substance abuse put her children at risk of neglect or abuse. Ultimately, the circuit court terminated petitioner's parental rights to the children.[3] It is from the resulting order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[2]On appeal to this Court, the parties generally agree that petitioner applied for substance abuse treatment approximately one week after the circuit court held the dispositional hearing.

[3]The parental rights of all parents to all children were terminated in the proceedings below. According to the guardian and the DHHR, the children are placed in two separate relative placements with a permanency plan of adoption in the home.

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's termination of petitioner's parental rights.

According to petitioner, she substantially corrected the conditions of abuse and neglect, as evidenced by the fact that she moved out of the home that was alleged to be in deplorable condition. Petitioner further argues that she entered substance abuse treatment as instructed, yet the circuit court still terminated her parental rights. Simply put, petitioner's arguments on appeal fail to acknowledge the evidence below. While it is true that petitioner moved out of the home in question, this did not remedy the conditions of abuse and neglect that necessitated the petition's filing, as her substance abuse issues persisted through the proceedings below. Moreover, petitioner neglects to acknowledge that she did not apply for substance abuse treatment until approximately one week after the dispositional hearing in this case, which she failed to attend. In fact, the circuit court specifically found that petitioner was not compliant with services in the case initially, as she only began participating at the end of June of 2016. The circuit court also found that once petitioner began complying with services, she failed to follow through with the same. As such, it is clear that petitioner's own failure to comply with services for the first three months they were offered or follow through with those services established that there was no reasonable likelihood she could substantially correct the conditions of abuse and neglect in the near future.

According to West Virginia Code § 49-4-604(c)(3), a circumstance in which there is no reasonable likelihood the conditions of abuse and neglect includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child;

Petitioner failed to comply with the services offered, as evidenced by the fact that she did not avail herself of substance abuse treatment until after the dispositional hearing. Further, the circuit court heard testimony about concerns from petitioner's psychological evaluator regarding her ability to correct the conditions of abuse and neglect. As such, it is clear that the circuit court was presented with sufficient evidence upon which to find that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse or neglect. Moreover, the circuit court also found that reunification with petitioner was not in the children's best interests. Pursuant to West Virginia Code § 49-4-604(a)(6), circuit courts are directed to terminate parental rights upon these findings.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 21, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: April 10, 2017

3

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker